UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW D. WETZEL                                   CIVIL ACTION

VERSUS                                             NO. 09-7445

CHARLES FOTI                                       SECTION "N (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this action, ANDREW D. WETZEL seeks relief from his June 2008 conviction via guilty plea of issuing worthless checks, theft, bank fraud, unauthorized use of an access card, unauthorized use of a motor vehicle, simple escape, and injury to public records, Case Nos. 437719, 439156, 440180, 4467581 and 448399, out of the 22nd Judicial District Court for St. Tammany

Parish.¹ Wetzel claims that he received a five (5) year sentence for his crimes, said sentence being served at the St. Tammany Parish Jail.²

In his petition, Wetzel claims that the state broke its plea agreement with him; that the state court has violated his due process rights in refusing to allow him to file post-conviction and other post-trial motions; that his confession was involuntary; and, that he received ineffective assistance of counsel.³ Wetzel does not indicate on his application form whether he has appealed his conviction and sentence but a Westlaw search revealed no appellate ruling. A staff member for the undersigned Magistrate Judge also contacted the Louisiana Supreme Court, Clerk of Court's office and ascertained that petitioner has not filed a writ application with that court concerning these convictions.

Since this case can be resolved after review of the petition and without a certified copy of the state court record being submitted, a briefing order ordering the State to respond was not issued in this matter.⁴

---

¹The court uses the charges and case numbers provided by petitioner for these cases as there is no record available with which to confirm said information.

²See Fed. Rec. Doc. 3, Petition.

³See Fed. Rec. Doc. 3, Petition.

⁴Since it is clear on the face of petitioner's habeas application as well as from the court's independent research that Wetzel has not exhausted his state court remedies, the court is not required to issue a briefing order to the State of Louisiana requesting either the certified state court record or a written response. *See* Rule 4, Rules Governing Section 2254 Cases.

## EXHAUSTION

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.")

The Court's independent research via a Westlaw search fails to reveal any filings to the Louisiana Supreme Court by Andrew Wetzel relative to his June, 2008 convictions. Additionally, the Deputy Clerk of the Louisiana Supreme Court informed this court that no writ application relative to petitioner's 2008 convictions was ever filed with that court. Without a ruling from the Louisiana Supreme Court, petitioner's habeas corpus petition is subject to dismissal without prejudice since he has presented this court with unexhausted claims. *See, Dupuy and Anderson*, *supra.*

**RECOMMENDATION**

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that the petition of Andrew D. Wetzel for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this 2nd of December, 2009.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.